IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01086-WYD-MJW

CHARLES SREBNIK, et al.

   Plaintiffs,

v.

NORMAN M. DEAN, individually, et al.

   Defendants.

---

**ORDER REGARDING PLAINTIFFS' MOTION TO QUASH SUBPOENA FOR DOCUMENTS TO HERRICK K. LIDSTONE, JR. (DOCKET NO. 104)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Plaintiffs' Motion to Quash Subpoena for Documents to Herrick K. Lidstone, Jr. (docket no. 104). The court has reviewed the motion and response. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Plaintiffs request that this court quash the subpoena to produce served upon Herrick K. Lidstone, Jr. See subpoena to produce attached to the subject motion and exhibit A attached to the subject motion which outlines the documents to be produced. Plaintiffs argue that the subpoena to produce requests documents that are confidential and not discoverable under both attorney-client and work product privilege. See Fed.

R. Civ. P. 45(c)(3)(A)(iii) and 26(b)(3).  Lastly, Plaintiffs argue that they have standing to quash the subpoena to produce served upon third party Lidstone based upon claims of privilege as outlined above.  <u>Minnesota School Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau</u>, 183 F.R.D. 627, 629 (N.D. III. 1999); <u>Windsor v. Martindale</u>, 175 F.R.D. 665, 668 (D. Colo. 1997).

Defendants argue that the subject documents as requested in the subpoena to produce are not privileged and are discoverable.  Moreover, Defendants argue that Plaintiffs have waived Mr. Lidstone's consulting status under Fed. R. Civ. P. 26(b)(4)(B), and, therefore, the subject documents should be disclosed and the Plaintiffs' Motion to Quash Subpoena for Documents to Herrick K. Lidstone, Jr. (docket no. 104) should be denied.

In this case, Mr. Lidstone testified in support of Plaintiffs' Motion for Appointment of Receiver through his sworn statements in Mr. Lidstone's affidavit.  Mr. Lidstone's affidavit states, in pertinent part:

> Based on the facts set forth in MDC's filed documents and the Individual Defendants' and MDC's failures to file required documents with the SEC, it is clear that the Individual Defendants have violated and continue to violate, and have caused MDC to violate and continue to violate the 1934 Act and the rules and regulations promulgated by the SEC there under.

<u>See</u> paragraph 15 of Mr. Lidstone's affidavit.

Here, the court finds that Plaintiffs endorsed Mr. Lidstone as an expert witness in the areas of securities and corporate law and made him available to testify further consistent with his affidavit before Judge Daniel in support of Plaintiffs' Motion for Appointment of Receiver.  <u>See</u> reply in support of Motion for Appointment of Receiver

3

(docket no. 36) and exhibits 1 and 2 attached to the reply.  Furthermore, the court finds that Plaintiffs have chosen to use Mr. Lidstone as an endorsed expert witness and not as a consulting expert in this case.  Furniture World, Inc., v. D.A.V. Thrift Stores, Inc., 168 F.R.D. 61, 63 (D.N.M. 1996).  The Plaintiffs have waived Mr. Lidstone's consulting expert status.

Accordingly, this court concludes that "all materials possessed by an expert in relation to a case in which he is expected to testify are discoverable."  In re Air Crash Disaster at Stapleton Int'l Airport, 720 F. Supp. 1442, 1444 (D. Colo. 1988).  Further, attorney work product that is provided to an expert for consideration in formulating his opinion is subject to disclosure.  Boring v. Keller, 97 F.R.D. 404, 407 (D. Colo. 1983).  Lastly, the attorney-client privilege applies to confidential communications of legal advice, not the provision of expert services.  Gerrits v. Brannen Banks of Florida, Inc., 138 F.R.D. 574, 577 (D. Colo. 1991).

ORDER

WHEREFORE, the Plaintiffs' Motion to Quash Subpoena for Documents to Herrick K. Lidstone, Jr. (docket no. 104) is DENIED.  Each party shall pay their own attorney fees and costs for this motion.

Done this 14th day of December 2005.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge