IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01086-WYD-MJW

CHARLES SREBNIK, et al

    Plaintiffs,

v.

NORMAN M. DEAN, individually, et al

    Defendants.

---

ORDER REGARDING
DEFENDANTS NORMAN DEAN, JAMES MILLER, CLARK MILLER, MILLER
FEEDLOTS, INC., AND MILLER DIVERSIFIED CORPORATION'S MOTION FOR
BLANKET PROTECTIVE ORDER
(DOCKET NUMBER 141)

---

**Entered by Magistrate Judge Michael J. Watanabe**

    This matter is before the court on the Defendants Norman Dean, James Miller, Clark Miller, Miller Feedlots, Inc., and Miller Diversified Corporation's Motion for Blanket Protective Order (docket no. 141). The court has reviewed the motion and the Plaintiff's response (docket no. 164). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

    The parties to this lawsuit have been working together trying to stipulate to a protective order. The parties are unable to agree upon only one provision within their proposed and otherwise stipulated protective order. The disputed provision reads as

2

follows:

> Nothing in this Protective Order shall bar the disclosure of Documents by any party: (a) to the United States government, any state or local government, or any administrative body or instrumentality of any of the foregoing, or (b) as otherwise required to be disclosed by law, rule or regulations or in response to a subpoena; provided that prior to such disclosure, the party(ies) intending to make disclosure shall give the other party(ies) five (5) days prior written notice of the intended disclosure.

See paragraph 7 in exhibit B attached to Defendants Norman Dean, James Miller, Clark Miller, Miller Feedlots, Inc., and Miller Diversified Corporation's Motion for Blanket Protective Order (docket no. 141).

Here, the court finds that the Defendants have failed to demonstrate good cause per Fed. R. Civ. P. 26(c) for entry of protective order striking the above provision from the otherwise proposed and stipulated protective order. Good cause is established on a showing that disclosure will result in a clearly-defined and serious injury to the party seeking protection Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3rd Cir. 1994) Id. The Defendants have not demonstrated that clearly-defined and serious injury will result if this protective order is not entered. The disputed provision above clearly affords the Defendants with five (5) days of written notice before any disclosure will be made to a third-party, and the Defendants would then have an opportunity during this five- (5) day period to seek further relief from this court regarding such disclosure.

Based upon these findings of fact and conclusions of law, the court ORDERS

    1    That the Defendants Norman Dean, James Miller, Clark Miller, Miller Feedlots, Inc., and Miller Diversified Corporation's Motion for Blanket Protective Order (docket no. 141) is DENIED

3

2. That the written Proposed Protective Order shall include the disputed provision (paragraph 7), and such written Protective Order is APPROVED and made an Order of Court.

3. That each party shall pay their own attorney fees and costs for this motion.

Dated this 3rd day of February, 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge