IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01086-WYD-MJW

CHARLES SREBNIK, et al.

    Plaintiffs,

v.

NORMAN M. DEAN, individually, et al.,

    Defendants.

---

### ORDER ON
### PLAINTIFF'S AMENDED MOTION TO COMPEL PRODUCTION OF ATTORNEY CLIENT DOCUMENTS (Docket No. 174)

---

**Entered by Magistrate Judge Michael J. Watanabe**

Before the court is the Plaintiffs' Amended Motion to Compel Production of Attorney-Client Documents, which was filed on February 15, 2006 (Docket No. 174). The court has reviewed the motion, defendant Miller Diversified Corp.'s Response in Opposition (Docket No. 188), and the plaintiff's Reply (Docket No. 189). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

The court has carefully and thoroughly weighed the following non-exclusive factors applied by the court in <u>Garner</u> and <u>Ward</u> regarding the corporate fiduciary exception to attorney-client privilege:

the number of shareholders and the percentage of stock they represent;

2

>the bona fides of the shareholders; the nature of the shareholders' claims and whether it is obviously colorable; the apparent necessity or desirability of the shareholders having the information and the availability of it from other sources; whether, if the shareholders' claim is of wrongful action by the corporation, it is of criminal, or illegal but not criminal, or of doubtful legality; whether the communication related to past or to prospective actions; whether the communication is of advice concerning litigation itself; the extent to which the communication is identified versus the extent to which the shareholders are blindly fishing; the risk of revelation of trade secrets or other information in whose confidentiality the corporation has an interest for independent reasons.

Ward v. Succession of Freeman, 854 F.2d 780, 784 (5th Cir. 1988); Garner v. Wolfinbarger, 430 F.2d 1093, 1104 (5th Cir. 1970). See Gerrits v. Brannen Banks of Florida, Inc., 138 F.R.D. 574 (D. Colo. 1991). Substantially for the reasons set forth by the plaintiffs in their motion and reply concerning these factors, this court finds that the plaintiffs have adequately shown cause why the attorney-client privilege should not be invoked to deny certain discovery to the plaintiffs in this case. Based on this finding, it is unnecessary to address plaintiffs' other arguments in support of their motion.

It is thus hereby **ORDERED** that the Plaintiffs' Amended Motion to Compel Production of Attorney-Client Documents, which was filed on February 15, 2006 (Docket No. 174), is **granted**. Accordingly, it is further

**ORDERED** that the defendants shall forthwith disclose and produce to the plaintiffs documents responsive to the Plaintiffs' First Requests for Production of Documents which are being withheld from the plaintiffs under the claim of attorney-client privilege asserted by the Management Defendants. These documents are within the following three categories: (1) transactions with Management, including the Acquisition and the Management Defendants' other transactions with MDC; (2) MDC's

3

SEC Reporting and Providing Information to Shareholders, including Sarbanes-Oxley Act officer certifications and SEC-required disclosure concerning MDC's disclosure controls and procedures; and (3) MDC's Shareholders Meeting, including notice and other procedural and legal requirements for the meeting.  It is further

**ORDERED** that each party shall pay their own attorney fees and costs for this motion.

BY THE COURT:

Date:  April 6, 2006          s/Michael J. Watanabe
       Denver, Colorado       Michael J. Watanabe
                              United States Magistrate Judge