IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01086-WYD-MJW

CHARLES SREBNIK, et al.,

    Plaintiffs,

v.

NORMAN M. DEAN, individually, et al.,

    Defendants.

**ORDER REGARDING DEFENDANTS NORMAN M. DEAN, JAMES E. MILLER, CLARK A. MILLER, MILLER FEEDLOTS, INC. AND MILLER DIVERSIFIED, CORPORATION'S MOTION TO COMPEL DEPOSITIONS OF PLAINTIFFS (DOCKET NUMBER 226)**

**Entered by Magistrate Judge Michael J. Watanabe**

    This matter is before the court on the Defendants Norman M. Dean, James E. Miller, Clark A. Miller, Miller Feedlots, Inc. and Miller Diversified Corporation's Motion to Compel Depositions of Plaintiffs (docket no. 226).  The court has reviewed the motion, response (docket no. 230), and reply (docket no. 232).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

    Plaintiffs are expected to appear for their depositions in the forum where they initiate their lawsuit absent extreme hardship.  Clem v. Allied Van Lines Int'l Corp., 102 F.R.D. 938, 939 (S.D.N.Y. 1984).  " In-person depositions are the norm, and

2

defendants are well within their rights to insist on having an opportunity to depose the plaintiff face-to-face." Chiu v. Au, 2005 WL 2452565, at *4 (D. Conn. Sept. 30, 2005). Requiring a plaintiff to appear in-person for his deposition is reasonable because plaintiffs initiate the cause of action and choose the place of its bringing. United States v. Rock Springs Vista Development, 185 F.R.D. 603, 604 (D. Nev. 1999). The ability to observe the deponents' reactions is particularly important given that the requested depositions are of the plaintiffs. See Sampathachar v. Federal Kemper Life Assurance Co., 2004 WL 2743589 (E.D. Penn. Nov. 24, 2004) (stating that where a deponent's testimony is controversial, telephone depositions are disfavored). Plaintiffs cannot evade their obligation to appear by raising issues of inconvenience or expense without a showing of extreme hardship. United States v. Rock Springs Vista Development, 185 F.R.D. at 604. It is insufficient for a plaintiff to make unsupported assertions with respect to hardship in order to avoid appearing in person for his deposition. See Cobell v. Norton, 213 F.R.D. 43, 47-48 (D.C. 2003).

Here, the court finds that plaintiffs have demonstrated extreme hardship as to plaintiff Charles Srebnik only. Mr. Srebnik is age 72. He has a history of coronary artery disease. He has suffered two heart attacks and has had triple bypass surgery. Accordingly, the court finds to require Mr. Srebnik to fly to Denver, Colorado, for his deposition would constitute an extreme hardship. As to plaintiff Jo Ann Srebnik, however, the court finds that although Ms. Srebnik has anxiety over flying, it appears that her doctor could prescribe her some medication to assist her with her anxiety to allow her to fly to Denver, Colorado, for her deposition. As to the remaining plaintiffs, the court finds that the remaining plaintiffs have failed to demonstrate extreme

3

hardship.

## ORDER

WHEREFORE, based upon these findings of fact and conclusions of law, the court ORDERS:

1. That Defendants Norman M. Dean, James E. Miller, Clark A. Miller, Miller Feedlots, Inc. and Miller Diversified Corporation's Motion to Compel Depositions of Plaintiffs (docket no. 226) is GRANTED IN PART AND DENIED IN PART.

2. That the Motion is DENIED as to plaintiff Charles Srebnik only. The Defendants shall take the deposition of Mr. Srebnik in his home state.

3. That the remainder of the Motion is GRANTED. The other named plaintiffs shall have their depositions taken in Colorado.

4. That the parties shall forthwith meet, confer, and set the depositions of the plaintiffs.

5. That the parties shall file their amended deposition schedule with the court on or before July 5, 2006.

6. That each party shall pay their own attorney fees and costs for this Motion.

Done this 20th day of June 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge