IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01086-WYD-MJW

CHARLES SREBNIK;
JOANN SREBNIK;
MICHELLE SREBNIK;
LEE SREBNIK;
GARY DEVONPORT;
AIMEE DEVONPORT;
ALLISON OKON, individually, and as Trustee for the Matthew Okon Trust; and
DARYL DINKLA,

      Plaintiffs,

v.

NORMAN M. DEAN, individually;
JAMES E. MILLER, individually;
CLARK A. MILLER, individually;
MFL, INC., a Colorado corporation;
ANDERSON & WHITNEY, P.C., a Colorado professional corporation; and
COMISKEY & COMPANY, PROFESSIONAL CORPORATION, a Colorado professional corporation,
SHERMAN & HOWARD L.L.C., a Delaware Limited Liability Company,

      Defendants,

and

MILLER DIVERSIFIED CORP., a Nevada Corporation

      as Nominal Defendant.

_____

**ORDER**
_____

I.      INTRODUCTION AND BACKGROUND

      THIS MATTER is before the Court on Defendants Norman M. Dean, James E. Miller, Clark A. Miller, Miller Feedlots, Inc. and Miller Diversified Corp.'s (collectively

the "MDC Defendants") Motion for Judgment on the Pleadings, filed April 24, 2006 (docket #201) ("Motion").

According to the First Amended Complaint, filed November 21, 2005, this is a shareholders' derivative action brought by various individual Plaintiffs, as well as the Trustee for the Matthew Okon Trust, pursuant to federal securities laws and the Sarbanes-Oxley Act. First Am. Comp. at ¶ 1. Plaintiffs are shareholders of Miller Diversified Corp. ("MDC"), a public company in the cattle feedlot business in Greeley, Colorado. *Id.* Defendants Norman M. Dean, James E. Miller, and Clark A. Miller are officers, directors, and controlling shareholders of MDC (collectively the "Management Defendants"). *Id.* Defendant Miller Feedlots Inc. is a Colorado corporation, owned and controlled by the Management Defendants. *Id.* Plaintiffs allege that the Management Defendants "looted [MDC's] assets through concealed 'off the books' payments, sham loans and other bogus transactions including their fraudulent acquisition of [MDC's] business for a promissory note issued by an insolvent company" owned by the Management Defendants. *Id.* at pg. 2. Plaintiffs further allege that the Management Defendants fraudulently "wiped out [MDC's] shareholders' equity, rendering the Company an insolvent shell and purportedly in debt to the Directors." *Id.*

In reviewing a motion for judgment on the pleadings, all well-pled material allegations of the non-moving party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false. *Lahey v. Covington*, 964 F.Supp. 1440, 1447 (D. Colo. 1996). The Court may grant judgment only if the moving party is clearly entitled to judgment. *Id.* In the instant Motion, the

-2-

MDC Defendants request dismissal of all Plaintiffs' derivative claims against them, specifically Plaintiffs' Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth and Sixteenth Claims for Relief, as asserted in the First Amended Verified Complaint. According to MDC, Plaintiffs are not proper derivative plaintiffs under Rule 23.1, and are not entitled to assert any derivative claims in this case.  Motion at 2.  MDC contends Plaintiffs do not "fairly and adequately represent the interests of the shareholders or members similarly situated," as required by Fed. R. Civ. P. 23.1, because (1) there exists a substantial conflict of interest between Plaintiffs' direct claims against MDC and their derivative claims on behalf of MDC and (2) because Plaintiffs are not representative of "similarly situated" shareholders.

II.     ANALYSIS

Fed. R. Civ. P. 23.1 provides that a derivative action brought by one or more shareholders or members to enforce a right of a corporation "may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation . . .."

The MDC Defendants contend that "[t]he Plaintiffs lack standing to pursue derivative claims because they have a substantial conflict of interest between their direct claims for monetary damages against MDC and their derivative claims on behalf of the shareholders of MDC."  Motion at 4.  According to the MDC Defendants "[c]ourts throughout the country have routinely held that individual, direct claims raised by shareholders in a derivative action present an impermissible conflict of interest

because the Plaintiffs asserting such individual claims are unable to adequately represent the remaining shareholders pursuant to Fed. R. Civ. P. 23.1." Motion at 4. While recognizing that no *per se* rule prevents a plaintiff from simultaneously pursuing both direct and derivative claims, the MDC Defendants maintain that a substantial conflict of interest exists in this case because Plaintiffs' First Amended Complaint contains both derivative and direct claims, and because all of Plaintiffs' claims seek the same damages for the same alleged conduct such that any recovery by Plaintiffs on their direct claims will necessarily diminish the recovery available to the shareholders of MDC. Motion at 4-8.

Plaintiffs have stated that they bring this action "derivatively on behalf of the corporation to recover assets of the corporation; and only secondarily . . . in their own behalf for personal damages." Amended Motion to Compel at 8. I note that in their First Amended Complaint, and in their Amended Motion to Compel, Plaintiffs repeatedly state that this is a shareholders' derivative action brought pursuant to Fed. R. Civ. P. 23.1 on behalf of MDC and all of its public shareholders. Amended Complaint, ¶¶ 2, 182; Motion to Compel at 2. In addition, in their Response to the instant Motion, Plaintiffs note that "[c]ontrary to the Management Defendants' assertion . . . , all of Plaintiffs' claims are derivative." Response at 2, n. 1. Plaintiffs maintain that this case involves only a potential conflict from "direct causes of action by a small group of shareholders (and not a class of all shareholders) on the one hand, and derivative claims on behalf of the corporation," and if such conflict becomes real, "the court has the ability under Fed. R. Civ. P. 23.1 to structure an appropriate award of damages or

Case 1:05-cv-01086-WYD-MJW   Document 249   Filed 08/22/06   USDC Colorado   Page 5 of 7

settlement." Response at 2, 5, n. 1, 5.

I agree with Plaintiffs. The mere fact that certain of Plaintiffs' claims allege damage to both MDC shareholders and themselves, individually, does not create a "serious conflict" such that Plaintiffs could not be expected to act in the interests of the other shareholders "because doing so would harm [their] other interests." *See* Wright & Miller, 7C Federal Practice and Procedure 2d § 1833 at 135 (Updated 2006); *Ohio-Sealy Mattress Manufacturing Co. v. Kaplan*, 90 F.R.D. 21, 25 (N.D. Ill. 1980). It is well settled that shareholders have the right to bring direct and derivative actions simultaneously. *Moffatt Enterprises, Inc. v. Borden Inc.*, 807 F.2d 1169, 1176 (3d Cir. 1986) ("where a corporation, tortiously conspires with others to damage an individual and does so a cause of action arises which belongs to the individual"); *see also* 19 Am. Jur. 2d Corporations § 1934 ("a shareholder may bring a derivative action and an individual claim at the same time if he or she has suffered a different injury than the other shareholders"). Generally, any "conflict" that exists in cases where a plaintiff brings both derivative and direct claims is theoretical rather than real. *See First Am. Bank and Trust by Levitt v. Frogel*, 726 F.Supp. 1292, 1298 (S.D. Fla. 1988); *In re TransOcean Tender Offer Securities Litigation*, 455 F.Supp. 999, 1014 (N.D. Ill. 1978). In this case both the derivative and direct actions are "equally contingent upon the proof of the same nucleus of facts." I find that at this stage of the proceeding there is only a potential conflict. *Frogel*, 726 F.Supp. at 1298.

I also reject the MDC Defendants contention that Plaintiffs are not properly representative of "similarly situated" shareholders for purposes of Rule 23.1. The MDC

-5-

Defendants contend that Plaintiffs are minimal shareholders, collectively owning less than 10% of the outstanding shares. The MDC Defendants further contend that Plaintiffs lack the ability to represent similarly situated shareholders because they voted against the October 2003 corporate action that is the subject of this case and, therefore, are not similarly situated to those shareholders who claim reliance on the Proxy Statement at issue. Motion at 8-10. It is Defendants' burden to demonstrate that Plaintiffs are inadequate representatives. *Baron v. Strawbridge & Clothier*, 646 F.Supp. 690, 695 (E.D. Pa. 1986). Rule 23.1 contains no requirement that a representative shareholder possess a certain percentage of shares, and the MDC Defendants do not cite a single case in support of their argument. *See Subin v. Goldsmith*, 224 F.2d 753, 761 (2d Cir. 1955) (fact that plaintiff owned a few shares irrelevant). Moreover, I agree with Plaintiffs that the fact that they voted against the management transactions set forth in the Proxy Statement is simply irrelevant to whether Plaintiffs can fairly and adequately represent the interests of other shareholders in this action.

III.   CONCLUSION

For the reasons set forth herein, it is hereby

ORDERED that Defendants Norman M. Dean, James E. Miller, Clark A. Miller, Miller Feedlots, Inc. and Miller Diversified Corp.'s Motion for Judgment on the Pleadings, filed April 24, 2006 (docket #201) is **DENIED**.

Dated:  August 22, 2006

BY THE COURT:

s/ Wiley Y. Daniel<br>
Wiley Y. Daniel<br>
U. S. District Judge