IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
MAGISTRATE JUDGE MICHAEL J. WATANABE

Civil Action No. 05-cv-01086-WYD-MJW

CHARLES SREBNIK, et al.

    Plaintiffs,

v.

NORMAN M. DEAN, individually, et al.

    Defendants.

---

ORDER REGARDING
(1) MILLER DEFENDANTS' MOTION TO COMPEL PRODUCTION OF EXPERT FILE
(DOCKET NO. 253);
(2) PLAINTIFFS' SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS
(DOCKET NO. 266);
(3) PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER
(DOCKET NO. 255);
ORDER VACATING MOTIONS HEARING SET BEFORE MAGISTRATE JUDGE
WATANABE ON OCTOBER 24, 2006, AT 3:00 P.M.;
AND
ORDER SETTING STATUS CONFERENCE BEFORE
MAGISTRATE JUDGE WATANABE ON JANUARY 11, 2007, at 9:00 A.M.

---

This matter is before the court on: (1) Miller Defendants' Motion to Compel Production of Expert File (docket no. 253); (2) Plaintiffs' Second Motion to Compel Production of Documents (docket no. 266); and, (3) Plaintiffs' Motion to Amend Scheduling Order (docket no. 255). The court has reviewed the motions, responses and replies. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now

being fully informed makes the following findings of fact, conclusions of law and order.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Miller Defendants' Motion to Compel Production of Expert File (docket no. 253)

In the Miller Defendants' Motion to Compel Production of Expert File (docket no. 253), such Defendants argue that Plaintiffs have failed to comply with this court's order (docket no. 120) which denied Plaintiffs' Motion to Quash Subpoena for Documents to Herrick K. Lidstone, Jr.  Mr. Lidstone is an expert witness retained by Plaintiffs in this case.  Accordingly, the Miller Defendants seek an order from this court compelling Plaintiff to produce the entire file of Mr. Lidstone.

Plaintiffs argue that they have provided to the Miller Defendants a full copy of Mr. Lidstone's file in this case except for: (1) the redacted billing statements; and (2) documents that are confidential and protected by law.  Plaintiffs offer to tender to this court, for *in camera* review, the redacted billing statements and those documents Mr. Lidstone withheld from production.  In support of Plaintiffs' position, Plaintiffs have submitted affidavits from Herrick K. Lidstone, Jr. and Michael J. Norton.

Here, the court finds that an *in camera* review of the redacted billing statements and those documents Mr. Lidstone withheld from production is appropriate. Accordingly, the court will defer ruling on Miller Defendants' Motion to Compel Production of Expert File (docket no. 253) until after this court has had an opportunity to review the redacted billing statements and those documents Mr. Lidstone withheld from production.

Plaintiffs' Second Motion to Compel Production of Documents (docket no. 266)

Plaintiffs seek an order from this court directing the Management Defendants to provide to Plaintiffs the 259 documents as outlined in the privilege log by Sherman and Howard.  See exhibit B attached to Plaintiffs' Second Motion to Compel Production of Documents (docket no. 266).  Plaintiffs contend that they are entitled to the production of the withheld documents listed on the Sherman and Howard privilege log for the following reasons: (1) that the Sherman and Howard privilege log was not timely provided as a matter of law; (2) that the Sherman and Howard privilege log is deficient as a matter of law; and, (3) that the Sherman and Howard privilege log itself shows that numerous documents are improperly withheld.

In support of Plaintiffs' contention, Plaintiffs argue that the Management Defendants have waived their right to seek attorney work product protection since such Defendants did not comply with Fed. R. Civ. P. 34 which required, in this case, for such Defendants to either provide those 259 documents that are now contained in the Sherman and Howard privilege log by March 16, 2006, or serve Plaintiffs with a privilege log consistent with Fed. R. Civ. P. 26(b)(5) and that such Defendants did not serve upon Plaintiffs such privilege log until August 29, 2006.  Burlington Northern & Santa Fe Railway Company v. United States District Court for the District of Montana, 408 F. 3d 1142, 1147-50 (9th Cir. 2005) (affirming district court ruling that privilege was waived where the privilege log not only was not provided during the Rule 34 time limit, but was provided five months later).  Moreover, Plaintiffs argue that privilege log does

not sufficiently identify and describe the 259 documents as contemplated under Fed. R. Civ. P. 26(a) and the advisory committee notes.  Lastly, Plaintiffs argue that the only withheld documents identified in the privilege log which may have been prepared in anticipation of litigation are those documents summarized in the privilege log as simply response to shareholder claim-documents Nos. 89, 90, 95-99, 101-103, 105-106, 109, 112, 115, 118, 118a, 125, 128, 130, 140, 141, 188 and memo containing responses to Tenenbaum assertions documents 254 and 255.

The Miller Defendants contend that the Sherman and Howard privilege log provided to the Plaintiffs on August 29, 2006, identifies documents that fall into two categories:  (1) documents prepared in anticipation of litigation against the Miller Defendants; and (2) documents prepared in anticipation of litigation against Defendant Sherman and Howard.  The Miller Defendants further contend: (1) that these documents contained in the Sherman and Howard privilege log are protected under attorney work product and Fed. R. Civ. P. 26(b)(3); (2) that they have no obligation to produce the withheld documents identified in the Sherman and Howard privilege log because Plaintiffs never made a Fed. R. Civ. P. 34 request to them and this court's previously order does not direct production of such documents; (3) that the attorney work product privilege clearly prevents discovery of the Sherman and Howard privilege log documents prepared following the March 17, 2004 8-K statement and the June 24, 2004, demand letter from Plaintiffs; and, (4) that the Sherman and Howard privilege log is sufficiently specific as required under Fed. R. Civ. P. 26. (b)(5).  Defendant Sherman and Howard has joined in the arguments by the Miller Defendants.  See docket no. 274.

Here, the court finds that an *in camera* review of 259 documents as outlined in the privilege log by Sherman and Howard is necessary before this court is able to rule on the Plaintiffs' Second Motion to Compel Production of Documents (docket no. 266). Accordingly, the court will defer ruling on the Plaintiffs' Second Motion to Compel Production of Documents (docket no. 266) until after this court has had an opportunity to review, *in camera*, the 259 documents as outlined in the privilege log by Sherman and Howard.

<u>Plaintiffs' Motion to Amend Scheduling Order (docket no. 255)</u>

Here, the court finds "good cause" exists to further amend the Amended Scheduling Order (docket no. 167), for those reasons as stated in this subject motion (docket no. 255).

ORDER

WHEREFORE, based upon these findings of fact and conclusions of law, this court ORDERS:

1. That Plaintiffs shall provide to this court for, *in camera* review, **a copy of the redacted** and **a copy of the unredacted billing statements and those documents** that Mr. Lidstone withheld from production on or before November 3, 2006. The parties shall filed such documents under seal consistent with D.C.COLO.LCivR 7.2 and 7.3. That this court will defer ruling on the Miller Defendants' Motion to Compel Production of Expert File (docket no. 253) until after this court has had an opportunity to review , *in camera*, the

contested documents as listed above;

2. That Defendant Sherman and Howard shall provide to this court for, *in camera*, review a copy of the 259 documents as outlined in the Sherman and Howard privilege log. Defendant Sherman and Howard shall file such documents under seal consistent with D.C.COLO.LCivR 7.2 and 7.3. on or before November 3, 2006. That this court will defer ruling on the Plaintiffs' Second Motion to Compel Production of Documents (docket no. 266) until after this court has had an opportunity to review, *in camera*, the contested documents as listed above. In addition, Sherman and Howard shall hand deliver a copy of the 259 documents as identified in the Sherman and Howard privilege log directly to Magistrate Judge Watanabe's chambers in Room A-532, on or before November 3, 2006. The copy of such documents delivered to Judge Watanabe's chambers shall contain, as to each document, a written statement listing the specific grounds for protection as claimed by either Defendant Sherman and Howard and/or the Miller Defendants and such Defendants shall highlight in yellow highlighter those portions of each document that supports their argument of privilege. All Defendants shall forthwith meet and confer in order to file such copy of these documents to Magistrate Judge Watanabe timely and consistent with this order;

3.  That Plaintiffs' Motion to Amend Scheduling Order (docket no. 255) is GRANTED as outlined in the First Amended Scheduling Order. The First Amended Scheduling Order dated this 20th day of October, 2006, is made an Order of Court and shall control the discovery in this case;

4.  **That the Motions Hearing set before Magistrate Judge Watanabe on October 24, 2006, at 3:00 p.m. is VACATED**; and,

5.  That a Status Conference is set on January 11, 2007, at 9:00 a.m., in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.

Done this 20th day of October, 2006

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge