IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-01086-WYD-MJW

CHARLES SREBNIK, et al.,

    Plaintiffs,

v.

NORMAN M. DEAN, individually, et al.,

    Defendants.

**ORDER RE: MILLER DEFENDANTS' MOTION TO COMPEL PRODUCTION OF EXPERT FILE (DOCKET NO. 253)**

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court for *in camera* review by the court of the redacted and unredacted billing statements of Burns Figa & Will, P.C., and those documents that Herrick K. Lidstone, Jr., withheld from production, per this court's Order dated October 20, 2006 (docket no. 278). These documents include: (1) documents withheld from Mr. Lidstone's file, bates nos. HL00873 to HL00903, inclusive; (2) unredacted billing statements of Burns Figa & Will, P.C., which include only those pages of the billing statements which were redacted, with the redacted portions indicated, bates nos. HL00904 to HL00908, inclusive; (3) redacted billing statements of Burns Figa & Will, bates nos. HL00588 to HL00613, inclusive, and (4) the entire file of Michael J. Norton,

2

also an attorney at Burns Figa & Will, P.C., not involved in Mr. Lidstone's expert services, bates nos. MN00001 to MN00644, inclusive.

The court reviewed the subject documents listed above, *in camera*, and has taken judicial notice of the court's file. In addition, the court has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

It is undisputed that Herrick K. Lidstone, Jr., Esquire, is a corporate and securities attorney and Plaintiffs' expert who prepared an affidavit submitted in connection with Plaintiff's Motion for Appointment of Receiver and Request for Forthwith Hearing (docket no. 2). In Plaintiff's Response in Opposition to Motion to Compel Production of Expert File (docket no. 264), Plaintiffs attached written affidavits from Mr. Lidstone, Esquire, and Michael Norton, Esquire. Mr. Lidstone's affidavit signed October 13, 2006, states, in pertinent part:

> 4. Michael J. Norton (who the Motion refers to as "Mike Norton") is a shareholder of the law firm of Burns, Figa & Will, P.C. ("BFW"). I am also a shareholder of BFW.
>
> 5. The statement in the Motion that Mr. Norton "helped" me prepare my affidavit in support of Plaintiffs' Motion for Appointment of Receiver is wrong. Mr. Norton did not help me prepare my affidavit, and was not involved in the services I provided as an expert for the Plaintiffs.
>
> 6. Other than documents the confidentiality of which are protected by law (and I understand from Mr. Tenenbaum may be submitted to the Court for in camera review as set forth in Paragraph 11 below), there is no correspondence between Mr. Norton and me, nor any of my employees, representative, agents independent contractors and others acting on my behalf, in my expert file.

. . .

11. Plaintiff Charles Srebnik engaged BFW pursuant to letter agreement dated December 9, 2004 to assist in litigation including "litigation tactics, research and drafting"..."in anticipation of the work to be performed in connection with the federal court complaint, motion for a temporary restraining order and motion for receiver." Mr. Norton is a litigator, I am not. Mr. Norton worked with Plaintiffs' counsel in connection with litigation issues. The engagement of BFW provided that Plaintiffs' counsel "may ask for Herrick Lidstone's services as an expert witness." It is my understanding that this engagement letter has been produced to Defendants.

12. I am aware that portions of BFW's billing statements were redacted to exclude entries not related to my services as an expert witness; specifically, litigation services performed by Mr. Norton, and services I performed whose confidentiality is protected by law. I agree to Plaintiffs' offer to submit the redacted items from BFW's billing statements to the Court for *in camera* review.

. . .

14. I have provided Plaintiffs, and it is my understanding that Plaintiffs have provided Defendants with a full copy of my file in this case, only with the exception of: (a) the redacted billing statements; and (b) documents the confidentiality of which are protected by law.

Mr. Norton's affidavit signed October 13, 2006, states, in pertinent part:

4. The statement in the Motion that I either was or now am Mr. Lidstone's "assistant" and "helped" Mr. Lidstone prepare an affidavit in support of Plaintiffs' Motion for Appointment of Receiver is inaccurate. I neither have been nor now am Mr. Lidstone's "assistant" nor did not help Mr. Lidstone prepare this or any other affidavit in connection with this case. I have not been and am not now involved in the services Mr. Lidstone has provided as an expert for the Plaintiffs.

5. I have been made aware that portions of BFW's billing statements were redacted to exclude related to my litigation services performed on behalf of Plaintiffs' counsel. I have no objection to Plaintiffs' offer to submit these redacted items from BFW's billing statements to the Court for *in camera* review.

6. No portion of my litigation file is physically located within Mr. Lidstone's

> file. My files relating to my litigation services for Plaintiffs' counsel which, so far as I presently know are contained within my office computer, and Mr. Lidstone's files relating to expert services he has or may have performed for Plaintiffs are located on totally different sections of the firm's server. My hard copy files and Mr. Lidstone's hard copy files are separately maintained by each of us in different locations. I did not assist and was not involved in Mr. Lidstone's rendition of services as an expert to Plaintiffs. I did not "collaborate" in any way with Mr. Lidstone in his forming his expert opinions.

Here, the court finds that Michael J. Norton, Esquire, is also an attorney at Burns Figa & Will, P.C. Mr. Norton did not serve as Mr. Lidstone's "assistant" nor has he "helped" nor has he "collaborated" with Mr. Lidstone in expert services rendered to the Plaintiffs. Mr. Norton has not co-mingled any of his documents, files, or any of his attorney work product with Mr. Lidstone. Morever, the hard copy files of both Mr. Lidstone and Mr. Norton are kept in separate locations within Burns Figa & Will, P.C. Accordingly, this court concludes that Mr. Norton's file, which is bates nos. MN00001 to MN00644, inclusive, is not part of Plaintiffs' expert Mr. Lidstone's file and therefore is not within the scope of the subpoena that was served upon Mr. Lidstone.

As to the unredacted billing statements of Burns Figa & Will, P.C., which include only those pages of the billing statements which were redacted, with the redacted portions indicated in bates nos. HL00904 to HL00908, inclusive, this court finds that the redactions to those portions of bates nos. HL00904 to HL00908, inclusive, are appropriate and are entries that do not pertain to Mr. Lidstone's work or anyone who assisted Mr. Lidstone with such work. Accordingly, such redacted portions of bates nos. HL00904 to HL00908, inclusive, are not within the scope of the subpoena that was served upon Mr. Lidstone.

5

As to redacted billing statements of Burns Figa & Will, P.C., bates nos. HL00588 to HL00613, inclusive, this court finds that the redactions to those portions of bates nos. HL00588 to HL00613, inclusive, are appropriate and are entries that do not pertain to Mr. Lidstone's work or anyone who assisted Mr. Lidstone with such work. Accordingly, such redacted portions of bates nos. HL00588 to HL00613, inclusive, are not within the scope of the subpoena that was served upon Mr. Lidstone.

As to documents withheld from Mr. Lidstone's file, bates nos. HL00873 to HL00903, inclusive, this court finds such documents bearing bates nos. HL00873 to HL00903, inclusive, are protected pursuant to § 13-20-602(3)(b), C.R.S.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Miller Defendants' Motion to Compel Production of Expert File (docket no. 253) is **DENIED**.

2. That each party shall pay their own attorney fees and costs.

3. That the following documents: (1) documents withheld from Mr. Lidstone's file, bates nos. HL00873 to HL00903, inclusive; (2) unredacted billing statements of Burns Figa & Will, P.C., which includes only those pages of the billing statements which were redacted, with the redacted portions indicated, bates nos. HL00904

to HL00908, inclusive; (3) redacted billing statements of Burns Figa & Will, P.C., bates nos. HL00588 to HL00613, inclusive, and (4) the entire file of Michael J. Norton, also an attorney at Burns Figa & Will, P.C., not involved in Mr. Lidstone's expert services, bates nos. MN00001 to MN00644, inclusive, submitted by Plaintiffs shall be sealed and not opened until further order of court.

Done this 13th day of November 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge