IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-01086-WYD-MJW

CHARLES SREBNIK, et al.,

   Plaintiffs,

v.

NORMAN M. DEAN, individually, et al.,

   Defendants.

---

**ORDER RE: PLAINTIFF'S SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS (docket no. 266)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court for *in camera* review by the court of Defendant Sherman and Howard's ("S&H") privilege log documents. The court reviewed the 69 documents *in camera* and has taken judicial notice of the court's file. In addition, the court has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Per this court's order dated October 20, 2006 (docket no. 278), S&H has provided 69 documents to this court for *in camera* review. After additional review and analysis, Defendant Miller Diversified Corporation ("MDC") has determined that it will no longer assert a work product protection to 190 of the 259 documents listed in S&H's

2

privilege log, and those 190 documents are being produced to Plaintiffs via supplemental disclosure on November 6, 2006.  See paragraph 4 on page 2 of S&H's and MDC's Submission of Materials for *In Camera* Review.  The 69 documents provided to this court for *in camera* review have been divided into the following categories:  (1) internal S&H documents after the Tenenbaum letter (described by S&H as the "threat letter") wherein S&H is asserting S&H's attorney-client privilege and work product privilege; (2) S&H's documents generated after the Tenenbaum "threat letter" for which both S&H and MDC are asserting the attorney-client and work product privileges; (3) S&H documents generated after the Tenenbaum "threat letter" to which MDC is asserting the attorney-client and work product privileges; and (4) S&H billing records for work done after the June 24, 2004, Tenenbaum "threat letter."  Lastly, S&H and MDC argue that the 69 documents are outside the scope of this court's April 6, 2006 Order (docket no. 195).

      Here, the court finds that S&H has outlined in detail their legal basis for protection for each of the 69 documents as reflected on a blue piece of paper before each document within the S&H document notebook that was submitted to this court for *in camera* review.  This court has now reviewed each of the 69 documents and has further considered the legal basis for protection for each document as reflected in the blue piece of paper before each document.  Following such detailed review by the court, this court finds that the language used in the letter by Tenenbaum to MDC dated June 24, 2004, did threaten litigation against MDC and against the company's professionals.  See Tenenbaum letter dated June 24, 2004, addressed to James E.

3

Miller and signed by George D. Kreye for the firm of Tenenbaum & Kreye, LLP. Moreover, this court finds that each of the 69 documents are protected based upon the legal authority cited on the blue pieces of paper before each document, and this court incorporates by reference such legal authority as this court's legal basis for denying Plaintiff's Second Motion to Compel Production of Documents (docket no. 266).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Second Motion to Compel Production of Documents (docket no. 266) is **DENIED**.

2. That each party shall pay their own attorney fees and costs.

3. That the 69 documents and blue pieces of paper supporting the legal basis for protection submitted by S&H shall be sealed and not opened until further order of court.

Done this 13th day of November 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge