IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01086-WYD-MJW

CHARLES SREBNIK, et al.

      Plaintiffs,

v.

NORMAN M. DEAN, individually, et al.

      Defendants.

---

## ORDER REGARDING DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DOCKET NUMBER 296)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Defendants' Motion for Protective Order (docket no. 296).  The court has reviewed the motion, response (docket no. 304), amended response (docket no. 305), and reply (docket no. 306).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendants seek an order from this court preventing Farm Credit from disclosing their personal financial information or any irrelevant financial information of Defendant Miller Feedlots to Plaintiffs based upon a subpoena that has been served upon Farm Credit by Plaintiffs.  In particular, Defendants object to that part of the subpoena which

2

requests Farm Credit Services to produce any and all documents relating to: (1) the

extension of any credit to any of Defendants Norman Dean, James Miller, Clark Miller,

or Miller Feedlots, Inc., or any entity or person with whom any of the aforesaid

Defendants are associated and (2) the extension of any credit to any person or entity

which is or was guaranteed by any of Defendants Norman Dean, James Miller, Clark

Miller, or Miller Feedlots, Inc., or any entity or person with whom any of the aforesaid

Defendants are associated.  Defendants do not object to the production of any

documentation regarding Farm Credit's decision not to renew the MDC line of credit.  In

support of the subject motion, Defendants argue that they have a legitimate expectation

of privacy in the personal financial information in the possession of Farm Credit and

thus such documents are privileged and further argue that such documents are not

relevant.

The right to privacy protects the individual interest in avoiding disclosure of

personal matters.  Whalen v. Roe, 429 U.S. 589, 599 (1977).  When the right to privacy

is invoked, the court must apply a three-part balancing test, considering whether (1) the

party asserting the right has a legitimate expectation of privacy; (2) whether disclosure

serves a compelling state interest; and (3) whether disclosure can be made in the least

intrusive manner.  See Flanagan v. Munger, 890 F.2d 1557, 1570 (10th Cir. 1989)

(citing Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 435 (10th Cir.

1981); Martinelli v. District Court, 612 P.2d 1083, 1091 (Colo. 1980)).

Here, the court finds that the Farm Credit Services transactions are featured in

the Management Defendants' proxy statement filed with the Securities and Exchange

3

Commission ("SEC") on October 14, 2003.  <u>See</u> pages 5, 13, 14, 23, 25, 26, proxy statement.  The proxy statement indicates that Farm Credit Services terminated MDC's credit lines because of MDC's losses.  MDC's Farm Credit Service credit lines were personally guaranteed by two of the three Management Defendants.  However, the fact that MFL and the individual Defendants qualified for their own lines of credit, independent of MDC, has no bearing on Farm Credit's decision not to renew the line of credit for MDC because of its losses.  Accordingly, the financial information of the individual Defendants and MFL is not relevant to the claims and defenses in this case.  Furthermore, the individual Defendants have demonstrated an expectation of privacy in their personal financial information, and Plaintiffs have failed to demonstrate a compelling reason as to why such personal financial information should be produced.

**ORDER**

WHEREFORE, based upon these finding of fact and conclusions of law, the court ORDERS:

1. That Defendants' Motion for Protective Order (docket no. 296) is **GRANTED**.

2. That each party shall pay their own attorney fees and costs for such motion.

Done this 24th day of January 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge