IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01086-WYD-MJW

CHARLES SREBNIK;
JOANN SREBNIK;
MICHELLE SREBNIK;
LEE SREBNIK;
GARY DEVONPORT;
AIMEE DEVONPORT;
ALLISON OKON, individually, and as Trustee for the Matthew Okon Trust; and
DARYL DINKLA,

    Plaintiffs,

v.

NORMAN M. DEAN, individually;
JAMES E. MILLER, individually;
CLARK A. MILLER, individually;
MFL, INC., a Colorado corporation;
ANDERSON & WHITNEY, P.C., a Colorado professional corporation; and
COMISKEY & COMPANY, PROFESSIONAL CORPORATION, a Colorado professional corporation,
SHERMAN & HOWARD L.L.C., a Delaware Limited Liability Company,

    Defendants,

and

MILLER DIVERSIFIED CORP., a Nevada Corporation

    as Nominal Defendant.

---

## ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AND FORM AND METHOD OF NOTICE AND SETTING HEARING

---

THIS MATTER having come before the Court on the parties' Joint Motion for

Preliminary Approval of the Proposed Settlement, Approval of the Proposed Method of

Case 1:05-cv-01086-WYD-MJW   Document 343   Filed 06/06/07   USDC Colorado   Page 2 of 6

Service and Hearing Date, filed June 1, 2007 (docket #341) (the "Motion"), and Stipulation and Agreement of the parties (the "Settlement"), the Court having reviewed the file and being fully informed of the premises:

IT IS, THEREFORE, ORDERED that:

(1)     The Motion is hereby granted;

(2)     The terms of the proposed Settlement are hereby preliminarily approved;

(3)     The form of Notice of Pendency and Proposed Settlement of Derivative Action ("Notice") and the proposed method of service, being the best notice reasonably practicable under the circumstances, fully satisfy the requirements of Fed. R. Civ. P. 23.1, due process, and applicable law, and are hereby approved.

(4)     No later than **Wednesday, July 11, 2007**, MDC shall send such Notice by first class U.S. Mail to all record holders of shares of Nominal Defendant Miller Diversified Corp. ("MDC") who owned such shares as of May 31, 2007, (the date of the proposed Settlement).  Plaintiffs and MDC shall be equally responsible for all costs associated with disseminating notice of the proposed Settlement to MDC's shareholders, including, but not limited to, the printing and mailing of any notices. None of the other Defendants shall be responsible for any costs associated with the dissemination of the notice to MDC's shareholders, including, but not limited to, printing or mailing of any notices.

(5)     There shall be a hearing of the Court on **Friday, August 10, 2007 at 3:00 p.m.** in Courtroom A1002, Tenth Floor, United States District Court for the District of Colorado (the "Settlement Hearing") with respect to (a) whether the Court should

approve the terms of the proposed Settlement as fair, adequate and reasonable, and in the best interests of the MDC shareholders; (b) whether the Court should enter a Final Order and Judgment approving the settlement and dismissing the Action, with prejudice, and (c) to rule upon the Application of Attorney Fees and Costs, filed June 1, 2007 (docket #342), for the services rendered and expenses incurred by Plaintiffs and their counsel in prosecution and settlement of this action.

(6) Any MDC shareholder who objects to the Settlement and/or to the request by Plaintiffs' counsel for attorneys' fees and reimbursement of expenses, or who otherwise wishes to be heard concerning any matter before the Court may appear in person or by counsel at the Settlement Hearing and present evidence or argument. Any MDC shareholder who wishes to appear at the Settlement Hearing, however, will be heard if and only if, no later than 14 days prior to the Settlement Hearing, such person files with the Clerk of the Court: (1) a written notice of the person's intent to appear, including (i) the person's name, address and telephone number, and (ii) a detailed statement of the basis for the person's objection(s) to or comments upon the Settlement, the request by Plaintiffs' counsel for attorneys' fees and expenses, or any other matter before the Court; (2) a sworn statement attesting to the date of purchase of his, her, or its MDC stock and documentation of his, her, or its continued ownership thereof through the date of said filing; and (3) any supporting papers, including all documents and writings that the person desires the Court to consider.  Additionally, any person wishing to object, shall, no later than 14 days prior to the Settlement Hearing, mail copies of all papers filed with the Clerk of the Court by first-class mail (or delivered

by hand, facsimile or overnight mail) to the following counsel:

> A. Thomas Tenenbaum, Esq. Counsel for Plaintiffs The Tenenbaum Law Firm Metropoint Center, Suite 700 4600 South Ulster Street Denver, Colorado 80237 Telephone: 303/804-3800 Fax: 303/804-3802
>
> Paul R. Wood, Esq. Counsel for the Management Defendants, MFL, and Nominal Defendant MDC Moye White LLP 1400 16th Street, 6th Floor Denver, CO 80202-5529 Telephone: 303/292-2900 Fax: 303/292-4510
>
> Steven R. Anderson, Esq. Counsel for Defendant Anderson & Whitney Anderson & Jahde, P.C. 2100 W. Littleton Blvd., Suite 300 Littleton, Colorado 80120 Telephone: 303/782-0003 Fax: 303/782-0055
>
> Thomas D. Birge, Esq. Counsel for Defendant Comiskey & Company, Professional Corporation Birge & Minckley, PC 1700 Broadway, Suite 1501 Denver, Colorado 80290 Telephone: 303/860-7100 Fax: 303/860-7338
>
> Michael T. McConnell, Esq.  Counsel for Defendant Sherman & Howard L.L.C. McConnell Siderius Fleischner Houghtaling & Craigmile, LLC 4700 S. Syracuse Street, Suite 200 Denver, Colorado 80237 Telephone: 303/480-0400 Fax: 303/458-9520

(7) Any MDC shareholder who fails to object in the manner stated above shall be deemed to have waived his, her or its right to object, and shall forever be barred from raising such objection in this or any other action or proceeding.

(8) If (a) any specified condition to the Settlement is not satisfied and the satisfaction of such condition is not waived in writing by Plaintiffs' counsel and counsel for the Defendants and nominal Defendant MDC; (b) the Court rejects the Settlement, including any amendment thereto approved by the Parties; or (c) the Court approves the Settlement, including any amendment thereto approved by the Parties, but such

approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then in any such event, the Settlement, including any amendment(s) thereof shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to the execution of the Stipulation and Settlement.

(9) Both MDC and all MDC shareholders shall be bound by the applicable determination and orders, and the Final Order, whether favorable or unfavorable to any of them.

(10) Pending the Settlement Hearing, Plaintiffs, MDC, and MDC shareholders are enjoined from commencing or prosecuting, either directly or indirectly, any action asserting any claims released or to be released pursuant the Settlement as against the Defendants.

(11) All proceedings in this Action, other than those which might be necessary to carry out the terms and conditions of this Order or the responsibilities related or incidental thereto are stayed and suspended until further Order of the Court.

(12) The Settlement Hearing may, from time to time and without further notice to the MDC shareholders, be continued or adjourned by Order of the Court. The Court retains jurisdiction of the Action to consider all further applications arising out of or connected with the proposed Settlement.

Dated: June 6, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge