IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01086-WYD-MJW

CHARLES SREBNIK,
JOANN SREBNIK,
MICHELLE SREBNIK,
LEE SREBNIK,
GARY DEVONPORT,
AIMEE DEVONPORT,
ALLISON OKON, individually, and as Trustee for the Matthew Okon Trust,
DARYL DINKLA,

      Plaintiffs,

v.

NORMAN M. DEAN, individually,
JAMES E. MILLER, individually,
CLARK A. MILLER, individually,
MILLER FEEDLOTS, INC., a Colorado corporation,
ANDERSON & WHITNEY, P.C., a Colorado professional corporation,
COMISKEY & COMPANY, PROFESSIONAL CORPORATION, a Colorado professional corporation, and
SHERMAN & HOWARD, LLC, a Delaware limited liability company,

      Defendants,

and

MILLER DIVERSIFIED CORP., a Nevada corporation,

      Nominal Defendant.

---

FINAL ORDER APPROVING PROPOSED SETTLEMENT and PLAINTIFFS'
APPLICATION FOR ATTORNEY FEES AND EXPENSES AND
DISMISSING ALL CLAIMS WITH PREJUDICE

---

THIS MATTER having come before the Court pursuant to (i) the parties' Joint

Motion for Preliminary Approval of the Proposed Settlement, Approval of the Proposed

Method of Service and Hearing Date (the "Joint Motion"), (ii) Plaintiffs Application for

Attorney Fees and Expenses (the "Application for Fees and Expenses"), (iii) the Court's

June 6, 2007 Order Preliminarily Approving Proposed Settlement and Form and

Method of Notice and Setting Hearing (the "Order of Preliminary Approval"), and (iv)

the parties' oral motion for final approval of the proposed settlement (the "Settlement")

pursuant to the Stipulation and Agreement of the parties attached as Exhibit  A to the

Joint Motion (the "Stipulation and Agreement") and (v) the Plaintiffs' oral motion for

approval of the Application for Fees and Expenses.  The Court, having reviewed the

file, the submissions of the parties and the presentations at the hearing held on August

10, 2007, and having previously entered findings of fact and conclusions of law

approving the settlement and granting Plaintiffs' Application for Fees on August 10,

2007, and being fully informed of the premises, has found good cause for entering the

following Final Order, Judgment and Decree:

       A.     This Court has jurisdiction over the subject matter of the above-captioned

action, and all actions within this litigation, and over all parties to this litigation

appearing in person and as represented by counsel for Plaintiffs and Defendants,

including all record and beneficial holders of Nominal Defendant Miller Diversified

Corp. ("MDC") common stock ("MDC stock").

       B.     The Court finds and concludes that notice was given to holders of MDC

stock in compliance with the Court's June 6, 2007 Order of Preliminary Approval, as

evidenced by the Affidavit of Kurtis D. Hughes, Vice President of Interwest Transfer

Co., Inc, MDC's transfer agent, as submitted to the Court at the hearing on final

approval held on August 10, 2007, and which is part of the Record in this action.

      C.     As set forth in the Order of Preliminary Approval, and the Court's bench ruling on August  10, 2007, the Court finds and concludes, with respect to both the Notice of Pendency and Proposed Settlement of Derivative Action (the "Notice") and the procedure used to give notice, that the notice given is the best notice reasonably practicable under the circumstances and fully satisfies the requirements of Federal Rule of Civil Procedure 23.1, the Constitution of the United States, and any other applicable law.

      D.     The Court notes that the Court did not receive, and the parties' counsel represented at the August 10, 2007 hearing that they did not receive, any objection from any MDC shareholder, including, without limitation, any written objection to be filed with the Court as required within the time allowed by the Order of Preliminary Approval and the Notice.

      E.     For purposes of the Settlement and Dismissal of this action, the Court finds that both the action against the Defendants was properly brought as a derivative action for and on behalf of MDC, and that the named Plaintiffs ("Plaintiffs") fairly and adequately represent the interests of shareholders similarly situated (the "Derivative Plaintiffs") in enforcing the rights of MDC in the action.

      F.     The terms of the proposed Settlement are fully set forth in the Stipulation and Agreement, which by this reference is incorporated and fully set forth herein.  For purposes of this Final Order, the Court adopts and incorporates the definitions contained in the Stipulation and Agreement.  In summary, the terms of the Stipulation

and Agreement concerning the benefits to be received by the Plaintiffs and MDC are,
inter alia, as follows:

1.  Defendants Norman M. Dean, James E. Miller and Clark A. Miller (collectively, the "Management Defendants") and Defendant Miller Feedlots, Inc. ("MFL") will cancel $300,000 of debt owed by Nominal Defendant MDC to Defendant MFL and/or the Management Defendants;

2.  The Management Defendants will take all necessary and appropriate action to cause MDC to become current in its Securities and Exchange Commission ("SEC") Reporting obligations required by applicable provisions of the Securities Exchange Act of 1934 and rules and regulations of the SEC;

3.  MDC will continue to be current and comply with its SEC Reporting obligations;

4.  Plaintiff Daryl Dinkla will serve as an Independent Director of MDC;

5.  Defendant Clark A. Miller will resign as an officer and Director of MDC;

6.  MDC will consult legal counsel regarding MDC's SEC Reporting obligations and corporate governance requirements as deemed appropriate by MDC's Board of Directors; and

7.  Within 5 business days of the entry date of this Order, Defendants, collectively, will deposit $395,000 in cash (the "$395,000") as set forth in the Stipulation and Settlement and as further described herein.

G.   The Settlement was negotiated and reached among the parties as a
compromise and settlement of vigorously disputed claims, and is not, on any level, to
be construed as an admission of wrongdoing or liability to Plaintiffs, MDC, any of
MDC's shareholders, or any of the Defendants, on the part of the any of the Defendants
or MDC, who specifically deny any wrongdoing or liability to the Plaintiffs, MDC, or any
of MDC's shareholders in connection with any of the claims which have been, may be,

or could have been asserted by the Plaintiffs, MDC and/or MDC's shareholders.

H.       Each of the parties believes that the Settlement and the resulting resolution of the dispute in this litigation are in their respective best interests.  In addition, Plaintiffs and the Management Defendants collectively own 60% of the issued and outstanding shares of MDC, all believing that the Settlement is in MDC and its shareholders' best interests.

I.       Rule 23.1 of the Federal Rules of Civil Procedure provides that an action brought thereunder "shall not be dismissed or compromised without the approval of the court."  The authority to approve a settlement of a derivative action is committed to the sound discretion of the trial court.  Jones v. Nuclear Pharmacy, Inc., 741 F.2d 322, 324 (10th Cir. 1984).  In exercising its discretion, the trial court must approve a settlement if it is fair, reasonable and adequate.  "In assessing whether the settlement is fair, reasonable and adequate the trial court should consider: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that settlement is fair and reasonable. Id. at 324.

The Court finds that proposed Settlement was fairly and honestly negotiated. After extensive discovery and motions practice, the parties began to have serious settlement discussions at the Settlement Conference held before Magistrate Judge Watanabe on March 15, 2007.  Subsequently, the Parties engaged in continuous

settlement negotiations for more than two weeks before reaching agreement on most of the terms of settlement. All terms were not agreed upon until May 31, 2007. Accordingly, since each side was fully informed and the Settlement was deliberately negotiated by the Parties and their respective counsels, there should be no question as to the fairness and honesty of the Settlement's negotiation.

The Court finds that serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt.  Discovery in this action has not been completed.  In addition, the allegations made by Plaintiffs and the Defendants' denial of those allegations raise a number of serious questions of law and fact which include, inter alia:

Whether the Management Defendants' alleged misstatements and omissions were material;

Whether the Management Defendants alleged misconduct constituted violations of federal securities laws relating to proxy statements and solicitations, and the preparation and filing of reports with the U.S. Securities and Exchange Commission; Whether the Management Defendants' alleged misconduct constituted  breaches of fiduciary duty;

Whether the alleged misconduct of Defendants Anderson & Whitney, P.C. ("A&W"),  Comiskey & Company, Professional Corporation ("Comiskey"), and  Sherman & Howard L.L.C. ("S&H") (Defendants A&W, Comiskey and S&H are hereinafter referred to, collectively, as the "Professional Defendants") constituted professional negligence;

Whether the Professional Defendants' alleged misconduct aided and abetted the

Management Defendants' alleged breaches of fiduciary duty;

Whether Defendant Anderson & Whitney's alleged misconduct aided and abetted the Management Defendants' alleged violations of federal securities laws;

Whether Defendant Anderson & Whitney's alleged misconduct constituted violations of federal securities laws relating to proxy statements and solicitations;

Whether Defendant Sherman & Howard's alleged misconduct constituted a breach of fiduciary duty;

Whether Defendant Sherman & Howard's alleged misconduct aided and abetted the Management Defendants' alleged violations of federal securities laws;

Whether there is a causal connection between the Professional Defendants' alleged conduct and the Plaintiffs' alleged damages;

Whether some or all of Plaintiffs' alleged claims are barred under the statutes of limitations applicable thereto; and the amount (if any) of damages to Plaintiffs, MDC and/or its other public shareholders, caused by any of the alleged actions and/or omissions of the Defendants.

The Court finds that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. The likely result of resolution of the foregoing issues, upon motion for summary judgment and/or at trial is disputed by the parties, and if the matter proceeded to trial, would require the expenditure of significant resources by all parties. The Settlement is valuable to shareholders because it inter alia: (i) provides an immediate large reduction in the amount of debt Nominal Defendant MDC owes to the Management Defendants and

Defendant MFL, (ii) requires the Management Defendants to take all necessary and appropriate action to cause MDC to become current, and remain current, in its SEC Reporting obligations and (iii) requires the Management Defendants to appoint Plaintiff Daryl Dinkla to serve as an Independent Director of MDC.  Accordingly, the Settlement provides both corporate governance and SEC reporting and compliance benefits, as well as a substantial financial benefit, to MDC and its shareholders.  This immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation.

The judgment of the parties is that the Settlement is fair and reasonable.  Each of the parties believes that the Settlement and the resulting resolution of the dispute in this litigation are fair and reasonable in their respective best interests.  In addition, Plaintiffs and the Management Defendants collectively own 60% of the issued and outstanding shares of MDC, all believing that the Settlement is fair and reasonable and in MDC and its shareholders' best interests.

J.      The Court hereby finds and concludes that the Settlement is fair, reasonable, adequate and in the best interests of MDC and its shareholders.  The Court hereby approves the Settlement, and directs and orders the consummation of the Settlement by the parties pursuant to the terms of the Stipulation and Agreement.

K.      The Court further finds that the Settlement has been entered into and made in good faith, is not collusive, and that the Plaintiffs and their counsel have fairly and adequately represented the interests of MDC and its shareholders in connection with the action against the Defendants.

L.      Within 5 business days after entry of this Final Order approving the Settlement, the Management Defendants, MFL, and the Professional Defendants, or their respective insurers, if any, shall pay to the COLTAF Trust Account of The Tenenbaum Law Firm the total amount of $395,000 (the "$395,000"), in the specific amounts detailed in the Stipulation and Agreement.

M.      The $395,000 shall be held in trust in the COLTAF Trust Account of The Tenenbaum Law Firm until 5 business days after entry of a Final Non-appealable Order or Judgment approving the Settlement, at which time, the funds shall be disbursed by Plaintiffs' counsel to pay Plaintiffs' attorney fees and expenses.  As used in this Final Order and in the Stipulation and Agreement, a "Final Non-appealable Order or Judgment" means that this Final Order has been entered and the time for taking an appeal set forth in Fed.R.App.P. 4(a) has passed without the filing of an appeal.

N.      Plaintiffs' Application for Attorney Fees and Expenses is hereby granted and Plaintiffs' attorneys' fees and expenses in the amount of $395,000 are hereby approved and awarded.  In so holding, the court finds that Plaintiffs' attorneys' fees and expenses are fair and reasonable.  Plaintiffs obtained both a monetary benefit and non-monetary corporate governance and SEC reporting benefits, and thus are entitled to reimbursement of fees and expenses.

O.      The attorney fees and expenses requested constitute (i) a partial reimbursement of the lodestar amount attorney fees and expenses of Plaintiffs' counsel A. Thomas Tenenbaum, who was retained on a contingency basis (ii) a full reimbursement of the attorney fees and expenses of Plaintiffs' counsel George D.

Kreye, who was retained on an hourly basis and (iii) a full reimbursement of the costs and expenses incurred by Plaintiffs in the litigation.

P.     Mr. Tenenbaum has agreed to accept as part of this settlement significantly less than the lodestar amount of his attorney fees and expenses.  Mr. Tenenbaum's lodestar amount of attorney fees and expenses is in excess of $355,000, and it is expected that after reimbursement of all of Mr. Kreye's attorney fees and expenses and all of Plaintiffs' costs and expenses, Mr. Tenenbaum will receive less than 46% of his lodestar amount of attorney fees and expenses.

Q.     In connection with the Settlement of this action, counsel for the Defendants and for Nominal Defendant MDC have reviewed (i) the Application for Attorney Fees and Expenses, (ii) documentation supporting the legal fees incurred by Plaintiffs, including, the Declarations of A. Thomas Tenenbaum and George D. Kreye, information concerning hourly rates and legal fees, a copy of the fee agreement, and billing statements and invoices, and (iii) the Declaration of Charles Srebnik and a summary of the expenses incurred by Plaintiffs in connection with this Action.

R.     Based upon this information and because the Action involves numerous complex questions of law and numerous complicated factual issues requiring experienced Plaintiffs' counsel and qualified experts, all of the Defendants and MDC have agreed, and the Court hereby finds that the lodestar (hourly rate x number of hours) is reasonable and the costs expended by Plaintiffs were necessary to pursue the litigation.  In addition, all of the Defendants and MDC support and have no objection to the Application for Attorneys Fees and Expenses.

S.       Finally, the Notice which was provided to MDC's affected shareholders of record, included material information regarding Plaintiffs' Application for Attorneys Fees and Expenses, and as set forth above, the Court did not receive, nor did any of the parties' counsel receive any objection from any shareholder, including, without limitation, any written objections to be filed with the Court as required and within the time allowed by the Court's Order of Preliminary Approval.

T.       In accordance with the Stipulation and Agreement, and as more fully set forth therein, effective upon the entry of this Final Order, all manner of claims, rights, demands, suits, matters, issues, actions or causes of action, whether known or unknown, in law or in equity, in tort or contract, against the Management Defendants, the Professional Defendants, and nominal Defendant MDC, and their counsel, insurers, agents, representatives, and all affiliated persons and entities, all as fully set forth in the Stipulation and Agreement ("Released Parties") or any of them, whether under state or federal constitutional, statutory or common law, and whether directly, indirectly, derivatively, representatively or in any other capacity, in connection with, based upon, arising out of, or relating to the allegations that were made or could have been made in this action, or in connection with, based upon, arising out of, or relating to this action, and any claims relating to the Settlement will be released (the "Released Claims") with respect to the Released Parties, excluding any claim to enforce any obligation expressly assumed by any Defendant under the Settlement.

U.       In accordance with the Stipulation and Agreement, and as more fully set forth therein, effective upon the entry of this Final Order, Plaintiffs, derivative Plaintiffs,

their counsel, MDC, and all holders of MDC stock and all agents, consultants and experts employed by Plaintiffs, derivative Plaintiffs or their counsel in connection with this action, are released and forever discharged from any claims arising out of, referring or relating to the institution, prosecution or resolution of this action, except for claims to recover amounts paid or funded by Defendants in the event the Settlement is terminated or canceled.

V.     In accordance with the Stipulation and Agreement, and as more fully set forth therein, effective upon the entry of this Final Order, Plaintiffs, derivative Plaintiffs, MDC and all holders of MDC stock are permanently enjoined from the institution, maintenance or prosecution, either directly or indirectly, of any other action in the Court or proceeding asserting any of the Released Claims.

W.     Without affecting the finality of this Final Order in any manner, this Court retains jurisdiction: (a) over the implementation, administration and consummation of the Settlement; (b) over the above-captioned action until the Final Order contemplated herein has become effective and each and every act agreed to be performed by the parties to the Stipulation and Agreement shall have been performed pursuant to the terms thereof; and (c) over all of the parties to the above-captioned action as may be necessary to conclude and administer the Settlement and to implement and enforce the Stipulation and Agreement.

X.     All of Plaintiffs' individual claims and derivative claims in this action against the named Defendants, Norman M. Dean, James E. Miller, Clark A. Miller, Miller Feedlots, Inc., Anderson & Whitney, P.C., Comiskey & Company, Professional

Corporation, and Sherman and Howard, LLC, and against nominal Defendant Miller

Diversified Corp. are hereby dismissed with prejudice, with all Parties to pay their own

costs and attorney fees, other than as set forth herein and in the Stipulation and

Agreement.

Y.      The Court finds that no just reason exists for delay in entering this Final

Order approving the proposed Settlement and Plaintiffs' Application for Attorney Fees

and Expenses and dismissing all claims with prejudice.  Accordingly, the clerk is hereby

directed to enter this Final Order.

Dated:  August 22, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge